IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:24-cv-257-RAH-SMD |
| RAILROAD RETIREMENT BOARD, ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff David Powell ("Powell") filed a state court complaint against Defendant Railroad Retirement Board ("RRB") seeking to preclude the RRB from paying his ex-spouse a portion of the retirement benefits he receives under the Railroad Retirement Act ("RRA").[1] *See* Compl. (Doc. 1-1). After removing the case to this Court, the RRB moved to dismiss the complaint, arguing that the Court lacks subject matter jurisdiction over the dispute. *See* Not. Removal (Doc. 1) p. 2; Mot. (Doc. 7). Tellingly, Powell has not opposed the RRB's motion. *See* Order (Doc. 9).

As explained below, the undersigned finds that this Court lacks subject matter jurisdiction over Powell's dispute. Accordingly, the RRB's motion should be granted, and Powell's complaint dismissed.

---

[1] The RRA provides benefits to railroad employees who complete enough years of service and either reach a certain age or become disabled. *See* 45 U.S.C. § 231(a)(1).

## I.   FACTUAL ALLEGATIONS & CLAIMS[2]

Powell receives retirement benefits under the RRA. *See generally* Compl. (Doc. 1-1) pp. 7-14. Powell's ex-spouse, who remarried in March 1992,[3] received a portion of those benefits until September 2002.[4] Approximately twenty years later, Powell's benefit annuity converted to an age and retirement annuity, and the RRB resumed paying his ex-spouse a portion of his benefits.[5] Although Powell contends that it is the RRB's policy to stop paying benefits to a remarried ex-spouse,[6] it appears that the RRB has continued—and will continue—to pay Powell's ex-spouse until it "receives a court order that clearly supersedes" the state court's divorce order that originally partitioned Powell's retirement benefits.[7]

Based on these allegations, Powell brings state law claims against the RRB for breach of contract and fraudulent misrepresentation. *Id*. at 7. As for his breach of contract claim, Powell contends that the RRB "has failed to follow its own procedure" by continuing

---

[2] The factual allegations contained in this section reflect the reasonable inferences drawn from the conglomeration of documents Powell filed in state court. *See* Compl. (Doc. 1-1) pp. 7-14. These factual allegations merely provide context as to the underlying dispute, as none are necessary to reach a determination as to whether this Court has subject matter jurisdiction over the complaint.

[3] *Id*. at 12 (Powell's ex-spouse's certificate of marriage).

[4] *Id*. at 10 (a letter from the RRB stating that, beginning on September 1, 2002, the RRB "will terminate the payments that were being made" to Powell's ex-spouse until Powell turns 66 years old).

[5] *Id*. at 10 (a letter from the RRB stating that "[u]pon Mr. Powell's annuity being converted to an age and service retirement annuity upon his attainment of age 66, [the RRB] will resume making deductions and pay to the former spouse a portion of [Powell's] benefits"); *id*. at 13 (a letter from Powell to the RRB stating that when he turned a certain age, the RRB began paying his ex-spouse again); *id*. at 14 (a letter from 2023 stating that the RRB has been paying Powell's ex-spouse for approximately two-and-a-half years).

[6] *See id*. at 9.

[7] *Id*. at 11.

to pay his ex-spouse and has therefore denied him "his rightful benefits." *Id*. As for his fraudulent misrepresentation claim, Powell asserts that the RRB has denied him "benefits arbitrarily and capriciously" and "fraudulently will not obey its own rules." *Id*. For relief, Powell seeks a "new Court order" "to include all backpay and full monthly benefits[.]"[8] *Id*. at 8.

## II.   PROCEDURAL HISTORY

This is Powell's third lawsuit challenging the RRB's distribution of his retirement benefits. His first suit, filed in October 2021 in the United States District Court for the Northern District of Alabama, was dismissed for lack of subject matter jurisdiction. *Powell v. R.R. Retirement Bd.* ("*Powell I*"), 2022 WL 2496198, at *3 (N.D. Ala. July 6, 2022). His second, filed in the Circuit Court of Randolph County, Alabama, was removed to this Court and was likewise dismissed for lack of subject matter jurisdiction. *Powell v. R.R. Retirement Bd.* ("*Powell II*"), 2023 WL 3731418, at *11-12 (M.D. Ala. May 15, 2023). His third and current lawsuit was filed once again in the Circuit Court of Randolph County and removed to this Court pursuant to 28 U.S.C. § 1442(a)(1).[9]

---

[8] Although Powell requests "a new Court order," the undersigned does not construe his complaint to challenge a prior state court decision, which presumably would be the state court's divorce order that partitioned his retirement benefits. The documents in Powell's complaint are solely related to the RRB and do not address any prior state court proceedings or orders. *See generally* Compl. (Doc. 1-1) pp. 7-14. Further, other than his general reference to "a new Court order," Powell does not ask the Court to take any action related to a prior state court decision. *See generally id*. Instead, his documents pertain only to the RRB and the RRB's alleged failure to follow its policy regarding benefits to former spouses. *Id*. For these reasons, the undersigned declines to construe Powell's complaint as an attempt to challenge a prior state court decision and instead construes the complaint merely as a challenge to the RRB's distribution of his retirement benefits.

[9] Twenty-eight U.S.C. § 1442(a)(1) authorizes removal of any civil action commenced in a state court that is against any agency of the United States.

3

### III. THE RRB's MOTION TO DISMISS

The RRB moves to dismiss Powell's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Memo. (Doc. 8) p. 1. The RRB argues that this Court lacks subject matter jurisdiction because Congress has vested exclusive appellate authority over RRB decisions in the courts of appeals. *Id.* at 7.

### IV. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge a federal court's subject matter jurisdiction over a dispute. FED. R. CIV. P. 12(b)(1). Rule 12(h)(3) requires the court to dismiss an action if subject matter jurisdiction is lacking. FED. R. CIV. P. 12(h)(3). Although pro se pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are therefore "liberally construed,"[10] this leniency "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action."[11] A pro se plaintiff—despite his status—bears the burden to show that a court has subject matter jurisdiction over his claims. *See* FED. R. CIV. P. 8(a)(1); *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

### V. APPLICABLE LAW

"To administer benefits under the RRA, the [RRB] has implemented a multistep system of administrative review." *Salinas v. U.S. R.R. Retirement Bd.*, 592 U.S. 188, 191 (2021). A claimant who exhausts the administrative process may seek judicial review of an unfavorable decision by filing a petition in one of three venues: (1) the United States

---

[10] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[11] *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

Court of Appeals for the circuit in which the claimant resides; (2) the United States Court of Appeals for the Seventh Circuit; or (3) the United States Court of Appeals for the District of Columbia. 45 U.S.C. § 355(f). According to this jurisdictional provision of the RRA, circuit courts—not district courts—possess exclusive jurisdiction to review RRB benefit decisions. *Denberg v. U.S. R.R. Retirement Bd.*, 696 F.2d 1193, 1195 (7th Cir. 1983) ("[T]he claimant must go to the [RRB] first and if he is turned down, appeal the decision within the [RRB], or if that would be futile to the court of appeals. *At no time is he supposed to be in district court*.") (emphasis added).

## VI. ANALYSIS

Powell's breach of contract and fraudulent misrepresentation claims are nothing more than a challenge to the RRB's decision to pay benefits to his ex-spouse. Although couched as state law claims, Powell essentially asks this Court to (1) find that the RRB is not following its own rules and procedures in distributing his retirement benefits; (2) order the RRB to stop making benefit payments to his ex-spouse; and (3) award him full monthly benefits and backpay. Powell's requests for relief clearly show that his lawsuit is premised on an attempt to alter the RRB's administrative decision regarding his benefits and, as such, are an appeal of that decision.

Assuming *arguendo* that Powell has exhausted his administrative remedies under the RRA, an appeal of the RRB's decision to pay benefits to his ex-spouse must be made to an appropriate Court of Appeals. Because the RRA vests exclusive jurisdiction over RRB decisions in circuit courts, this Court—as a district court—lacks subject matter jurisdiction to consider Powell's challenge to the RRB's distribution of his benefits. *See*

5

*Powell I*, 2022 WL 2496198, at *2 ("Simply put, there is no scenario in which a district court has jurisdiction to hear Powell's challenge to the [RRB's] decision."); *Powell II*, 2023 WL 3731418, at *11. Accordingly, because this Court lacks subject matter jurisdiction over Powell's dispute, the RRB's motion to dismiss should be granted and Powell's complaint dismissed.[12]

Generally, a pro se plaintiff must be afforded an opportunity to amend his complaint prior to dismissal. Where a more carefully drafted pleading might state a viable claim, a district court must give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). However, a district court need not allow an amendment where, among other reasons, the "amendment would be futile." *Id.*

Here, amendment would be futile because a district court has no jurisdiction over an appeal of an RRB decision. 45 U.S.C. § 355(f); *see Boyd v. Warden, Holman Corr. Fac.*, 856 F.3d 853, 864 (11th Cir. 2017) ("An amendment is considered futile when the claim, as amended, would still be subject to dismissal."). In other words, no matter how Powell could reword his complaint, this Court would not have subject matter jurisdiction to hear

---

[12] As previously noted, the undersigned has construed Powell's complaint to challenge the RRB's benefits decision and has not construed the complaint as a challenge to a prior state court decision. *See infra* n.8. However, to the extent Powell's complaint could be construed as an attempt to challenge and thus overturn a prior state court decision, the *Rooker-Feldman* doctrine bars that challenge in this Court. *See Powell II*, 2023 WL 3731418, at *7-8; *see e.g.*, *Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 345 (11th Cir. 2009) (holding that the *Rooker-Feldman* doctrine barred the plaintiff's "explicit attempt to use the federal courts to overturn the Georgia state courts' decisions regarding his divorce"). Alternatively, should the *Rooker-Feldman* doctrine not apply, this Court should abstain from exercising jurisdiction over a challenge to a state-court decision that relates solely to domestic relations. *See Powell II*, 2023 WL 3731418, at *7-8; *see, e.g.*, *Alliant Tax Credit 31, Inc. v. Murphy*, 924 F.3d 1134, 1146 (11th Cir. 2019) (noting that the domestic relations exception flatly prohibits a federal court from "issu[ing] divorce, alimony, and child custody decrees").

his underlying challenge regarding the RRB's distribution of his retirement benefits. As such, the undersigned concludes that allowing Powell to amend would be futile.

## VII.   CONCLUSION

Because this Court lacks subject matter jurisdiction over Powell's complaint, it is the

RECOMMENDATION of the undersigned Chief United States Magistrate Judge that the RRB's Motion to Dismiss (Doc. 7) be GRANTED and that Powell's complaint (Doc. 1) be DISMISSED without opportunity to amend. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before August 29, 2024**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of August, 2024.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE