IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DAVID POWELL, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:24-CV-257-RAH |
| RAILROAD RETIREMENT BOARD, | ) |
| Defendant. | ) |

## **ORDER**

On August 15, 2024, the Magistrate Judge recommended this case be dismissed without prejudice for lack of subject matter jurisdiction and without the opportunity to amend the complaint. (Doc. 11.) Plaintiff David Powell has filed several motions, which the Court has construed as Objections (Doc. 12, Doc. 13, Doc. 14, Doc. 16) to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United*

*States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009).  However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006).  Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Plaintiff objects to the Magistrate Judge's determination that this Court lacks subject matter jurisdiction.  As an initial matter "[f]ederal courts 'are courts of limited jurisdiction' that 'possess only that power authorized by Constitution and statute.'" *United States v. Salmona*, 810 F.3d 806, 810 (11th Cir. 2016) (quoting *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Powell believes this court has subject matter jurisdiction because he has a letter from the Railroad Retirement Board ("RRB").  The letter instructs Plaintiff to obtain a court order to modify the divorce order of the Circuit Court of Cook County that mandates that Plaintiff's partitions should be paid to his former spouse.  Plaintiff also objects to the Report and Recommendation claiming that this Court has authority to review a decision of the RRB.  In summary, Plaintiff challenges a domestic relations order of the Circuit Court of Cook County regarding the distribution of his Railroad Retirement Act benefits to his ex-wife and/or seeks review of a decision by the Railroad Retirement Board to comply with the domestic relations order.

This Court lacks subject matter jurisdiction to preside over either of these matters. First, it is well established that "federal courts will not review or modify a state court divorce order even when the plaintiff couches the claims in other terms." *McCavey v. Barnett*, 629 F. App'x 865, 867 (11th Cir. 2015) (holding that federal courts lack subject matter jurisdiction to "review the division of marital property as determined in [the plaintiff's] divorce proceedings"). Alabama trial courts have the authority to modify divorce orders. *Wade v. Wade*, 518 So. 2d 149, 150 (Ala. Civ. App. 1987 ("Modifications of periodic alimony awards can be made only upon a showing of changed circumstances since the last change in the award."); Ala. Code § 30-2-51. Since the RRB is simply obeying the divorce order it does not seem to be the proper party for Plaintiff to seek relief from. Rather it seems to this Court that the more appropriate course of action for Plaintiff would be to file a petition for modification of divorce decree in the Alabama trial court that entered his divorce order, which appears to be the Circuit Court of Cook County. *Murphree v. Murphree*, 582 So. 2d 574, 576 (Ala. Civ. App. 1991) (holding that when there is a change in circumstances that warrant modifying a divorce order "a petition for modification may be proper").

Second, this Court does not have jurisdiction to review a final decision by the RRB because the United States courts of appeals are granted jurisdiction over such matters by federal statute. 45 U.S.C. § 355 ("Any claimant . . . may . . . obtain a

review of any final decision of the Board by filing a petition for review within ninety days . . . in the United States court of appeals for the circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia . . . ."). Consequently, this Court agrees with the Magistrate Judge that this court lacks subject matter jurisdiction.

Accordingly, upon an independent review of the record, it is **ORDERED** as follows:

1. The Objections (Doc. 12, Doc. 13, Doc. 14, Doc. 16) are **OVERRULED** and **DENIED**;
2. The Recommendation (Doc. 11) is **ADOPTED**;
3. Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**;
4. Defendant's Motion to Seal is **GRANTED** (Doc. 15);
5. This case is **DISMISSED** without prejudice.

**DONE**, on this the 17th day of October 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE